**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Julio GARCIA–EQUIHUA,**
**Defendant–Appellant.**

No. 09–50453.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed Feb. 22, 2011.

---

*See* Fed. R.App. P. 34(a)(2).

Shireen Matthews Becker, Assistant U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Laura Frances Marran, Esquire, Marran Law Firm, San Diego, CA, for Defendant–Appellant.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Julio Garcia–Equihua appeals from the 72–month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Garcia–Equihua contends that the district court procedurally erred at sentencing by failing to adequately explain the sentence. The record reflects that the district court did not so err. *See United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir.2008) (en banc).

 Garcia–Equihua also contends that under *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), the district court erred by not explaining the reason for imposing a 16–level enhancement under U.S.S.G. § 2L1.2, which Garcia–Equihua believes is empirically unsound. The policy behind the enhancement is sound. *See United States v. Ramirez–Garcia,* 269 F.3d 945, 947–48 (9th Cir.2001). As there is no separate obligation under Kimbrough for the district court to explain why it is imposing a valid enhancement, the district court's explanation was sufficient. *See Carty,* 520 F.3d at 992 ("[T]he district court must explain [the sentence] sufficiently to permit meaningful appellate review.").

Finally, Garcia–Equihua contends that his sentence is substantively unreasonable. In light of the totality of the circumstances, the sentence below the Guidelines range is substantively reasonable. *See id.* at 993.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.